LEAVITT, *Ap't,* v. LEAVITT.

When the executor named in a will fails to qualify, an administrator with the will annexed should be appointed when there is anything to be done in the way of administration.

PROBATE APPEAL. Facts agreed. John Johnson, by will, gave his niece, Mary Leavitt, one hundred dollars a year, to be paid to her by his executor each year during her life; and all the residue of his estate he gave to John J. Leavitt, whom he appointed his executor. The will was proved February 20, 1878, but Leavitt never qualified as executor. Immediately after proving the will, Leavitt took possession of the estate, and occupied the whole of it until his death in 1881. While so in possession he executed a mortgage of a portion of the real estate to secure a debt of his own. After his death, Sarah M. Leavitt, the appellant, was appointed administratrix of his estate, and afterwards, under a license from the probate court, sold all the real estate except the portion mortgaged as aforesaid. During his lifetime John J. paid

a part of the legacy to Mary in money, and since his death his administratrix has done the same, but there is now a balance due her thereon. For the purpose of collecting the amount now due, and securing future payments, said Mary caused an administrator to be appointed on the estate of John Johnson, and it is from that appointment that this appeal is taken.

*Marston & Eastman* and *Thomas Leavitt*, for the appellant.

*John Hatch*, for the appellee.

SMITH, J. In this case there is an unpaid legacy. The person named as executor never qualified, and there has been no administration of the estate. An administrator with the will annexed is necessary for the payment of the defendant's legacy. Whether the legacy is a charge upon land, and what power the administrator may have to recover the real estate mortgaged by Leavitt or sold by his administratrix, are questions not necessary to be considered. The appeal should be dismissed, and the decree of the probate court affirmed.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.